**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3192-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WINSTON WILSON, a/k/a
JESUS WILSON,

    Defendant-Appellant.

_____

          Submitted November 6, 2023 – Decided January 26, 2024

          Before Judges Berdote Byrne and Bishop-Thompson.

          On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment Nos. 14-05-0331, 14-05-0332, and 17-09-0544.

          Joseph E. Krakora, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

          John P. McDonald, Somerset County Prosecutor, attorney for respondent (Lauren E. Bland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Winston Wilson seeks reversal of the trial court's denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In April 2014, defendant attended a party at the home of M.G.[1] in Franklin. Defendant was asked to leave. He left, and returned between 1:00 a.m. and 6 a.m. Defendant assaulted M.G. with a barbell and a knife. She sustained blunt force trauma and stab wounds to her head, face, chest, arms, abdomen, and throat. M.G. was transported to the hospital and emergency surgery was performed.

At M.G.'s home, the officers observed signs of a struggle and blood in the upstairs bedroom, bathroom, and on the upstairs hallway wall. A small barbell was found in the kitchen sink.

Initially, M.G. identified the attacker as her boyfriend "Rubin." Later, she recanted and identified her attacker was "Jesus," defendant's nickname, and gave the physical description of a New Jersey Devils logo tattoo on defendant's neck and a teardrops tattoo on his face.

---

[1] We use initials to protect the confidentiality and identity of the victim. R. 1:38-3(c)(12).

Defendant took a cell phone, a PlayStation, and a 2009 Mazda 6 car from M.G.'s home. While investigating the assault, police officers located the stolen vehicle at an apartment complex in Edison where defendant was staying. Police recovered M.G.'s PlayStation and defendant was found in possession of an unregistered and loaded .38 caliber Smith and Wesson handgun.

On May 29, 2014, a Somerset County grand jury returned Indictment No. 14-05-00331 charging defendant with first-degree attempted murder, N.J.S.A. 2C:5-1, 2C:11-3(a)(1) (count one); robbery, N.J.S.A. 2C:15-1 (count two); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (counts three and four); and third-degree theft, N.J.S.A. 2C:20-3(a) (count five). Defendant was charged in a separate indictment, Indictment No. 14-05-0332, with second-degree unlawful possession of a firearm, N.J.S.A. 2C:58-4. The grand jury returned a third indictment on September 27, 2017, Indictment No. 17-09-0544, charging defendant with two counts of third-degree theft by unlawful taking, N.J.S.A. 2C:20-3a. The trial court consolidated all indictments on October 11, 2017. On the same day, the State dismissed the third-degree theft charge in Indictment No. 14-05-331.

In October 2017, a jury trial was held on Indictment No. 14-05-331, resulting in a mistrial. On October 13, 2017, before defendant's retrial, he

3

pleaded guilty to first-degree attempted murder, robbery, two counts of third-degree possession of a weapon for an unlawful purpose in the first indictment, second-degree unlawful possession of a firearm in the second indictment, and both counts of theft in the third indictment.

During the plea colloquy, defendant testified that he understood the terms of the negotiated plea agreement. When asked by the court if he was satisfied with his communications with trial counsel, defendant testified that he had an adequate opportunity to discuss with trial counsel his plea agreement, the additional proofs that may have been offered against him by the State, and any additional defenses and/or strategy that could have been presented on retrial. Defendant further stated that he was satisfied with trial counsel's representation during the first trial and at the time of the plea hearing. On defendant's plea form, he circled "Yes" that he was satisfied with the advice received from counsel. Defendant also circled "No" that other "promises" or "any threats" were made to cause him to plead guilty. The court was satisfied with defendant's allocution to the charges and accepted his guilty plea.

The court denied defendant's motion to withdraw his guilty plea on April 11, 2018.

A-3192-21

The next month, on May 11, 2018, the court sentenced defendant to twelve years with an eighty-five percent parole bar and five years of parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the first indictment, concurrent with seven years with a fifty-percent parole bar on the second indictment, and four years "flat" on the third indictment.

Thereafter, defendant appealed his sentence, and the matter was listed on the excessive sentencing calendar pursuant to Rule 2:9-11. On October 24, 2018, we remanded the case for resentencing and ordered the merger of several counts. State v. Wilson, A-4785-17 (App. Div. Oct. 24, 2018). The trial court resentenced defendant on December 4, 2018, with no change to his aggregate term.

In October 2019, defendant, then self-represented, filed a PCR petition, asserting ineffective assistance of trial counsel. On February 19, 2019, defendant's assigned PCR counsel filed an amended PCR petition, brief, and certification in further support of defendant's petition. The judge heard oral argument. On March 21, 2022, the PCR court issued a written opinion and order denying defendant's petition.

A-3192-21

## II.

On appeal, defendant raises two arguments. First, defendant argues that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim because trial counsel failed to conduct an adequate pretrial investigation concerning his intoxication defense. Second, trial counsel "pressured" him to plead guilty.

The factual and legal determinations made by a PCR court are reviewed de novo when an evidentiary hearing is not held. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

When the defendant's basis for relief is premised on a claim of ineffective assistance of counsel, he is required to satisfy the two-prong test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 56-8 (1987) (adopting the Strickland two-part test in New Jersey). When reviewing such claims, courts apply a strong presumption that defense counsel "rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy[.]" Fritz, 105 N.J. at 54 (internal citations omitted).

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10 provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

> A.   Alleged Failure to Conduct an Inadequate Investigation of Defendant's Intoxication Defense.

Defendant argues the PCR court erred in its determination that defendant could not have raised an intoxication defense at the time of the second trial because he would have been subject to cross-examination about his failure to raise it at his first trial. He also argues the PCR court erred when it found "trial counsel's failure to investigate an intoxication defense was 'eminently

7

reasonable' because if it had been raised at trial, it would have contradicted the alibi defense which [defendant] had presented at trial." We reject defendant's arguments.

Defendant makes these arguments even though the record shows, as found by the PCR court, trial counsel "raise[d] strong defenses at the first trial." Moreover, defendant provided the jury with an alibi and his trial counsel argued that defendant was at his former girlfriend's home at the time of the assault. There was also no prejudice to defendant because trial counsel's performance led to the outcome of a hung jury. Applying these well-established standards, we discern no fault in the PCR court's analysis because defendant offers nothing more than bald assertions that are not supported by the record. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining there must be more than bald allegations of counsel's substandard investigation; the defendant's PCR petition lacked supporting affidavits setting forth personal knowledge of what a more thorough investigation would have revealed). Thus, the record is barren of facts to sufficiently demonstrate substandard performance by trial counsel. State v. Porter, 216 N.J. 343, 355 (2013).

A-3192-21

B. The Alleged Pressure by Trial Counsel for Defendant to Plead Guilty.

Additionally, defendant argues that the PCR court erred in finding that defendant's responses during the plea colloquy indicated that he knowingly and voluntarily entered a guilty plea. We agree with the PCR court, the transcript of the plea hearing reflects detailed questions were posed to defendant to determine whether he was satisfied with trial counsel's services, and whether he had an adequate opportunity to discuss his plea agreement with trial counsel, the additional proofs by the State, and any additional defenses and/or strategy that could have been employed in the event of a retrial. Defendant unequivocally stated that he was satisfied with trial counsel's services and all communications with trial counsel. He cannot now claim inadequate representation from trial counsel.

In sum, defendant has demonstrated neither deficient performance by trial counsel nor any actual prejudice; and therefore, he fails to meet the Strickland/Fritz standard for relief. We are satisfied the PCR court did not abuse its discretion in concluding defendant was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3192-21